948 So.2d 1017 (2007)
CITIZENS PROPERTY INSURANCE CORPORATION, Appellant,
v.
M.A. & F.H. PROPERTIES, LTD., Appellee.
No. 3D06-1278.
District Court of Appeal of Florida, Third District.
February 21, 2007.
*1018 Wadsworth & King and Lawrence E. Root, for appellant.
Feiler & Leach, P.L. and Martin E. Leach, Coral Gables, for appellee.
Before COPE, C.J., and GREEN, and LAGOA, JJ.
GREEN, J.
Citizens Property Insurance Corporation ("Citizens") appeals a non-final order denying its Florida Rule of Civil Procedure 1.540 motions seeking to vacate an order confirming an appraisal award; vacate the appraisal award, compel a reappraisal; and its renewed motion to disqualify the appellee homeowner's appraiser because of his bias against Citizens. We find no abuse of discretion in the denial of the motions and affirm.
The appellee, M.A. & F.J. Properties, Ltd. ("homeowner"), purchased a wind insurance policy from Citizens for its three-story home. During the effective period of the policy, the home sustained damage from Hurricane Charley on August 13, 2004. The homeowner submitted a claim for damage under the policy. Citizens investigated the claim and, as a result of its investigation, tendered payment to the homeowner in the amount of $262,325.93. The homeowner disagreed with this valuation of its loss and invoked the appraisal process contained in the policy. According to this process, each party was to select a competent appraiser of its choosing and the two appraisers would attempt to agree upon a valuation of the insured's loss. If the two appraisers were unable to reach an agreement, they would then attempt to select a competent and independent umpire. If within fifteen days, the two appraisers could not agree upon an umpire, the parties could request a judge to select the umpire. Specifically, the language of the appraisal provision of the policy reads as follows:
10. Mediation or appraisal
b. Demand an appraisal of the loss. In this event, each party will choose a competent appraiser within twenty (20) days after receiving a written request from the other. The two appraisers will choose a competent and independent umpire. If they cannot agree upon an umpire within fifteen (15) days, you or we may request the choice be made by a judge of a court of record in the state where the Described Property is located. The appraisers will separately set the amount of the loss. If the appraisers *1019 submit a written report of an agreement to us, the amount agreed upon will be the amount of the loss. If they fail to agree, they will submit their differences to the umpire. A decision by any two will set the amount of the loss.
(Emphasis added).
Pursuant to this provision, the homeowner selected Jeffrey Pellett and Citizens selected Stephen White. The homeowner's appraiser, Mr. Pellet, has had experience with more than 1800 appraisals and has been published in the field of appraisals. Mr. Pellet and the homeowner entered into an agreement whereby he would be compensated for his services based upon the amount awarded from Citizens. It is undisputed that Citizens was aware of this contingency arrangement. Citizens claims, however, that it was unaware that at the time of Mr. Pellet's appraisal in this cause, Mr. Pellet and his wife had filed a suit against Citizens for alleged damages to their home and were also represented in this suit by counsel for the homeowner in this suit.
When Mr. Pellet and Citizens' appraiser, Mr. White, could not agree on the valuation of the insured's loss or on a competent and neutral umpire, the insured petitioned the court to select one, in accordance with the policy's appraisal provision. The trial court below appointed Martin Kahn, a retired Circuit Court judge, as the competent and neutral umpire.
The parties' appointed appraisers then submitted their respective appraisal amounts to the umpire. The umpire agreed with the homeowner's appraisal of the loss as prepared by Mr. Pellet. As required by the policy language, both the umpire and Mr. Pellet signed an award dated March 21, 2006, in the amount of $787,235.01.[1] The homeowner filed a motion for entry of an order confirming the appraisal award. Citizens filed its objection to this motion and moved to vacate the appraisal award and compel reappraisal on the grounds that there were no receipts or supporting documentation to support the award.[2]
Prior to the hearing on the insured's motion to confirm the award, Citizens filed a motion to disqualify Mr. Pellet as the insured's appraiser on the grounds that he was not a competent appraiser by virtue of a letter that he had recently sent to Mr. White. Mr. Pellet's letter informed Mr. White to communicate with him only in writing and that all future appraisals involving Citizens would result in a court-ordered umpire.[3]
After a hearing on the pending motions, the trial court granted the homeowner's *1020 motion for entry of an order confirming the appraisal award and denied Citizens' motions to vacate the appraisal award and disqualify the homeowner's appraiser. Thereafter, Citizens filed a renewed motion to disqualify the homeowner's appraiser, vacate appraisal award and order confirming same and compel reappraisal with a neutral umpire. In addition to reiterating the grounds raised in its previous motion, Citizens asserted that the homeowner's appraiser was not competent because he failed to disclose his own personal lawsuit against Citizens prior to his appraisal in this case. The trial court denied this motion and Citizens appealed.
Citizens argues on this appeal that the trial court's denial of its renewed motion to disqualify the homeowner's appraiser; vacate the appraisal award and to compel re-appraisal with a neutral umpire; and vacate the order confirming the appraisal award constituted an abuse of discretion because the homeowner's appraiser, Mr. Pellet, was not a competent appraiser as required by the policy. Citizens essentially maintains that Mr. Pellet was rendered incompetent to provide an appraisal in this case by virtue of his personal suit or claim against Citizens as well as his animosity against Citizens and/or its appraiser as expressed in the letter written after the appraisal in this case. We disagree and find that Citizens' argument is based upon the erroneous premise that this appraiser's unquestionable personal bias against Citizens thereby rendered him incompetent to serve as an appraiser in this case.
As we have previously recognized, "parties are free by contract to specify the credentials of party-appointed appraisers." Rios v. Tri-State Ins. Co., 714 So.2d 547, 549 (Fla. 3d DCA 1998) (citing Lee v. Marcus, 396 So.2d 208, 210 (Fla. 3d DCA 1981)(recognizing the contractual ability of parties to place words of limitation on the identity, status, or qualifications of arbitrators)). The language of the appraisal provision contained in the insurance policy in this case directed only that each of the parties select a "competent" appraiser. The policy, however, did not expressly define the word "competent."
In the absence of a contractual definition, we must presume that this word was intended to be used in its plain and ordinary way as can be ascertained by reference to a dictionary. Winn-Dixie Stores, Inc. v. 99 Cent Stuff-Trail Plaza, LLC, 811 So.2d 719, 722 (Fla. 3d DCA 2002). The dictionary definitions of the word "competent" include "properly or sufficiently qualified or capable; adequate for the purpose; legally qualified or fit to perform an act," The American Heritage Dictionary 385 (3rd ed.1992), and "duly qualified; answering all requirements; having sufficient ability or authority; possessing the requisite natural or legal qualifications; able; adequate; suitable; sufficient; capable; or legally fit." Black's Law Dictionary 257 (5th edition 1979).
Based upon these definitions, the record clearly establishes that the homeowner's appraiser was competent by virtue of his unquestionable prior experience and/or expertise. Citizens' real complaint is, however, that this appraiser was not neutral or independent. Contrary to Citizens' suggestion on this appeal, competence is not synonymous with neutrality or independence. While the policy's language required that the appraisers selected by the parties be competent, it did not require them also to be neutral or independent. Indeed, the policy language only required that the umpire be both competent and independent.
Thus, because the homeowner's appraiser was "competent" to render an appraisal *1021 in this cause as that term is ordinarily used, we cannot conclude that the trial court abused its discretion in denying the motions under review. We therefore affirm the same.
Affirmed.
COPE, C.J. (concurring).
If in future cases Citizens wants all three appraisers to be neutral, Citizens can amend its policy form to so provide. See The American Bar Association and American Arbitration Association, The Code of Ethics for Arbitrators in Commercial Disputes, at 2 (2004) ("The sponsors of this Code believe that it is preferable for all arbitratorsincluding any party-appointed arbitratorsto be neutral, that is, independent and impartial, and to comply with the same ethical standards.").
NOTES
[1] Citizens' appraiser, Mr. White, declined to sign the award on the grounds that the amount awarded was based upon a cost ledger provided by the homeowner's appraiser without any supporting receipts or other documentation.
[2] In support of its objection and motion, Citizens filed an affidavit from its appraiser, Mr. White.
[3] That letter read, in pertinent part, as follows:

Dear Mr. White:
This letter is to inform you that you are expressly prohibited from telephonic contact with my office. ALL COMMUNICATIONS SHALL BE REDUCED to writing and facsimile transmission.
I will be directing a copy of the letter to your principal. All matters involving appraisal assignments will result in Court ordered umpire. I have zero intentions of discussing any negotiations, settlement, scope or unit costs with you EVER! For the record, this letter does not specifically refer to this instant appraisal but any future appraisal assignments where you were appointed by any principal.
Is there any part of this you are unclear about?